UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION, on behalf of its members; and BISMARCK DIOCESE,<br><br>*Plaintiffs,*<br><br>v.<br><br>CHARLOTTE BURROWS, Chair of the United States Equal Employment Opportunity Commission; and UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Defendants.* | No. 1:24-cv-00142-CRH |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, the Catholic Benefits Association ("CBA"), on behalf of its members, and Plaintiff Bismarck Diocese (collectively, "CBA Plaintiffs"), move for a preliminary injunction as follows:

1. This case challenges portions of two recent EEOC actions that constitute regulatory overreach and burden the CBA Members' religious liberty. Those actions are EEOC's promulgation of its final rule[1] ("PWFA Rule") that implements the Pregnant Workers Fairness Act ("PWFA") 42 U.S.C. § 2000gg et seq and its publication of an enforcement guidance regarding

---

[1] Implementation of the Pregnant Workers Farness Act, 89 Fed. Reg. 29,096 (April 29, 2024) ("PWFA Rule")

1

sexual harassment under Title VII.[2] The combined effect of EEOC's pronouncements is that they require CBA Members, contrary to their Catholic faith, to accommodate their employees' abortions and immoral fertility treatments, to use false pronouns when requested by transitioning employees, to abstain from expressing Catholic teaching regarding sexual issues , and to give employees of one sex access to private spaces reserved to those of the other sex.

2. Plaintiffs are CBA members. Each is a Catholic ministry or Catholic-owned business. Each subscribes to Catholic beliefs on the human sexuality and dignity and the sanctity of life as detailed in the Complaint that is verified or attested to by three Catholic archbishops or bishops.

3. The EEOC's requirements burden the Plaintiffs' religious exercise, and they violate the Administrative Procedure Act as set forth in the memorandum filed contemporaneously herewith.

FOR THESE REASONS, Plaintiffs[3] respectfully request that the Court grant this motion by providing a preliminary injunction that:

1. Restrains the Equal Employment Opportunity Commission, Chair Burrows, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from interpreting or enforcing the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg-1, et seq., and any implementing regulations or

---

[2] EEOC, *Enforcement Guidance on Pregnancy Discrimination and Related Issues,* at § (I)(A)(5)(b)-(c) (available at https://www.eeoc.gov/laws/guidance/enforcement-guidance-pregnancydiscrimination-and-related-issues).

[3] Unless indicated otherwise, "Plaintiffs" or "CBA members" as used throughout this lawsuit, does not include the one CBA member to the extent that it has filed a separate lawsuit seeking relief that overlaps with the relief requested here.

guidances thereto including without limitation the regulation pronounced in Implementation of the Pregnant Workers Fairness Act, 89 Fed. Reg. 29,096 (April 19, 2024), against the Plaintiffs or the Catholic Benefits Association members in a manner that would require them to accommodate direct abortion or immoral infertility treatments, speak in favor of the same or refrain from speaking against the same, including by otherwise pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions;

2. Restrain the Equal Employment Opportunity Commission, Chair Burrows, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from interpreting or enforcing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., any implementing regulations or guidances thereto, including without limitation the rule pronounced in Enforcement Guidance on Harassment in the Workplace (April 29, 2024), https://www.eeoc.gov/laws/guidance/enforcement-guidance-harassment-workplace against the Plaintiffs or the Catholic Benefits Association ("CBA") members in a manner that would require them to speak or communicate in favor of the direct abortion, immoral fertility treatments, or gender transition when such is contrary to the Catholic faith; refrain from speaking or communicating against the same when such is contrary to the Catholic faith; use pronouns inconsistent with a person's biological sex; or allow persons to use private spaces reserved for the opposite sex, including by pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions;

3. Extend the injunctive relief above to the Plaintiffs and all present and future members of the Catholic Benefits Association, along with anyone acting in concert with or participating with them; and

4. State that to come within the scope of this injunction, a Catholic Benefits Association member must meet the following criteria: (a) the employer is not yet protected from the laws referenced in paragraphs 1 and 2 above with regard to the employer practices described in paragraphs 1 and 2 above;[4] (b) the CBA has determined that the employer meets the CBA's strict membership criteria; (c) the CBA's membership criteria have not substantively changed since the CBA filed this complaint; and (d) the CBA member is not subject to an adverse ruling on the merits in another case involving the PWFA, the PWFA Rule, Title VII, or the Harassment Guidelines with regard to the employer practices described in paragraphs 1 and 2 above.

DATED: July 30, 2024.

Respectfully submitted,

*/s/ L. Martin Nussbaum*
L. Martin Nussbaum
Andrew Nussbaum
First & Fourteenth PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
(719) 428-2386
martin@first-fourteenth.com
andrew@first-fourteenth.com

and

Michael Francisco*
First & Fourteenth PLLC
800 Connecticut Ave NW, Suite 300
Washington, DC 20006
(202) 754-0522

---

[4] As indicated in the complaint at n.9, one CBA member has filed a separate lawsuit seeking relief that overlaps partially with the relief requested here. Specifically, that member has sought relief with regard to the abortion accommodation requirement articulated in the PWFA Rule. The CBA is not seeking relief for that CBA member with regard to that particular requirement.

       michael@first-fourteenth.com
*(application for admission forthcoming)

*Attorneys for Plaintiffs*