UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION, on behalf of its members; and BISMARCK DIOCESE,<br><br>*Plaintiffs,*<br><br>v.<br><br>CHARLOTTE BURROWS, Chair of the United States Equal Employment Opportunity Commission; and UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Defendants.* | No. 1:24-cv-00142-CRH |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, the Catholic Benefits Association ("CBA"), on behalf of its members, and Plaintiff Bismarck Diocese (collectively, "CBA Plaintiffs"), move for summary judgment as follows.

This case challenges portions of two recent EEOC actions that constitute regulatory overreach and burden the CBA Members' religious liberty. Those actions are *i)* EEOC's promulgation of its final rule[1] ("PWFA Rule") that implements the Pregnant Workers Fairness Act ("PWFA") 42 U.S.C. § 2000gg *et seq.*, and *ii)* its publication of an enforcement guidance regarding sexual

---

[1] Implementation of the Pregnant Workers Farness Act, 89 Fed. Reg. 29,096 (April 29, 2024) ("PWFA Rule")

1

harassment under Title VII.[2] The combined effect of EEOC's pronouncements is that they require CBA Members, contrary to their Catholic faith, to accommodate their employees' abortions and immoral fertility treatments, to use false pronouns when requested by transitioning employees, to abstain from expressing Catholic teaching regarding sexual issues, and to give employees of one sex access to private spaces reserved to those of the other sex.

Plaintiffs are CBA members. Each CBA member is a Catholic ministry or Catholic-owned business. Each subscribes to Catholic beliefs on the human sexuality and dignity and the sanctity of life as detailed in the Complaint that is verified or attested to by three Catholic archbishops or bishops.

The EEOC's requirements burden the Plaintiffs' rights to religious exercise under the First Amendment and the Religious Freedom Restoration Act, violate Plaintiffs' rights to free exercise and free speech, and violate the Administrative Procedure Act as set forth in the memorandum filed contemporaneously herewith.

FOR THESE REASONS, Plaintiffs[3] respectfully request that the Court grant this motion by providing declaratory and a permanent injunctive relief, and award attorneys fees and costs as follows:

1. Declare that the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg-1, et seq., and any rule implementing it, Implementation of the Pregnant Workers Fairness Act, 89 Fed. Reg. 29,096 (April 19, 2024), do not require CBA Plaintiffs and members to accommodate an

---

[2] EEOC, *Enforcement Guidance on Pregnancy Discrimination and Related Issues,* at § (I)(A)(5)(b)-(c) (available at https://www.eeoc.gov/laws/guidance/enforcement-guidance-pregnancydiscrimination-and-related-issues).

[3] Unless indicated otherwise, "Plaintiffs" or "CBA members" as used throughout this lawsuit, does not include the one CBA member to the extent that it has filed a separate lawsuit seeking relief that overlaps with the relief requested here.

employee's direct abortion, advocacy for abortion, facilitation of an abortion; or an employee's immoral infertility treatments, advocacy for immoral infertility treatments, facilitation of immoral infertility treatments, because this Court finds that such an application of these laws violate CBA members' sincerely held Catholic beliefs without satisfying strict scrutiny under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq. and without complying with Title VII's religious exemption that protects employers' religious practices, 42 U.S.C. § 2000e-1(a) and 42 U.S.C. § 2000e(j);

    2. Declare that Title VII of the Civil Rights Act of 1964 (as amended, 42 U.S.C. § 2000e *et seq.* any EEOC guidance or interpretation of it, including without limitation Enforcement Guidance on Harassment in the Workplace (April 29, 2024), https://www.eeoc.gov/laws/guidance/enforcement-guidance-harassment-workplace ("Enforcement Guidance"), do not require CBA Plaintiffs to speak or communicate in favor of direct abortion, immoral fertility treatments, or gender transition when such is contrary to the Catholic faith; refrain from speaking or communicating against the same when such is contrary to the Catholic faith; use pronouns inconsistent with a person's biological sex; or allow persons to use bathrooms or other private spaces reserved for those of the opposite sex because this Court finds that such an application of these laws violate CBA members' sincerely held Catholic beliefs without satisfying strict scrutiny under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* and without complying with Title VII's religious exemption that protects employers' religious practices, 42 U.S.C. § 2000e-1(a) and 42 U.S.C. § 2000e(j);

    3. Declare that the PWFA Rule and Defendants' enforcement of the PWFA Rule or interpreting or applying the PWFA Rule against CBA members violates the Administrative

Procedure Act, and that no legal burdens can be assessed against these members for failure to accommodate abortion or immoral infertility treatments, or directly or indirectly facilitate access to abortion or immoral fertility treatment;

    4. Declare that the PWFA Rule and Defendants' enforcement of it against CBA members violate the laws and constitutional provisions described in their causes of action;

    5. Issue a permanent injunction prohibiting:

        a. The Equal Employment Opportunity Commission, Chair Burrows, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from interpreting or enforcing the PWFA, 42 U.S.C. § 2000gg-1, et. seq., or any implementing regulations thereto against the CBA Plaintiffs and CBA members in a manner that would require them to accommodate direct abortion or immoral infertility treatments, speak in favor of the same or refrain from speaking against the same, including by otherwise pursuing, charging, issuing, or assessing any penalties, fines, assessments, investigations, notice-of-right-to-sue letters, or other enforcement actions;

        b. The Equal Employment Opportunity Commission, Chair Burrows, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from interpreting or enforcing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., or any implementing interpretations, guidances, regulations thereto against the CBA Plaintiffs and the CBA members in a manner that would require them to speak or communicate in favor of the direct abortion, immoral fertility treatments, or gender

transition when such is contrary to the Catholic faith; refrain from speaking or communicating against the same when such is contrary to the Catholic faith; use pronouns inconsistent with a person's biological sex; or allow persons to use bathrooms or other private spaces reserved for those of the opposite sex, including by otherwise pursuing, charging, issuing, or assessing any penalties, fines, assessments, investigations, notice-of-right-to-sue letters, or other enforcement actions;

6. Vacate the PWFA Rule as it includes abortion, immortal infertility treatment, or speech about the same;

7. Extend the relief above to: CBA Plaintiffs and the CBA's present and future members, and anyone acting in concert or participation with them;

8. Declare that to come within the scope of this order, a CBA member or future member must meet the following criteria: (a) the employer is not yet protected from the PWFA, the PWFA Rule, Title VII, and the Harassment Guidelines with regard to the issues described in paragraphs B and E(2) above; (b) the CBA has determined that the employer meets the CBA's strict membership criteria; (c) the CBA's membership criteria have not substantively changed since the CBA filed this complaint; (d) the CBA member is not subject to an adverse ruling on the merits in another case involving the PWFA, the PWFA Rule, Title VII, or the Harassment Guidelines with regard to the issues described above; and (e) the CBA member was a member of the CBA at the time of the alleged violation;

9. Award Plaintiffs the costs of this action and reasonable attorney's fees as provided by law, including 28 U.S.C. § 2412(d) and 42 U.S.C. § 1988(b); 42 U.S.C. § 2000gg-2.

DATED: November 12, 2024.

                                              Respectfully submitted,

                                              */s/ L. Martin Nussbaum*
L. Martin Nussbaum
Andrew Nussbaum
First & Fourteenth PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
(719) 428-2386
martin@first-fourteenth.com
andrew@first-fourteenth.com

and

Michael Francisco*
First & Fourteenth PLLC
800 Connecticut Ave NW, Suite 300
Washington, DC 20006
(202) 754-0522
michael@first-fourteenth.com
*(application for admission forthcoming)

*Attorneys for Plaintiffs*