UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION, on behalf of its members; and BISMARCK DIOCESE, <br><br> *Plaintiffs,* <br><br> v. <br><br> CHARLOTTE BURROWS, Chair of the United States Equal Employment Opportunity Commission; and UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> *Defendants.* | No. 1:24-cv-00142-CRH |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
AND PERMANENT INJUNCTION**

Plaintiffs, the Catholic Benefits Association ("CBA"), on behalf of its members, and Plaintiff Bismarck Diocese (collectively, "CBA Plaintiffs"), respectfully submit this notice of supplemental authority, *Tennessee v. Equal Employment Opportunity Commission*, No. 24-2249 (8th Cir. Feb. 20, 2025), attached here as Exhibit A. There, the Eighth Circuit ruled that a coalition of states had standing to challenge EEOC's Pregnant Workers Fairness Act Rule because the Rule creates an additional regulatory burden. *Id.* at 6. The Court reversed the decision of the court below to the contrary.

The Eight Circuit's opinion is relevant, if not dispositive, in this case for two reasons. First, Plaintiffs here, like the states in *Tennessee*, are objects of the EEOC's PWFA Rule and the

1

Harassment Guidance and thus have standing to challenge the PWFA Rule and the Harassment Guidance. Second, the Defendants here repeatedly rely on the errant decision of the district court in *Tennessee v. EEOC* and that authority is no longer good law. ECF No. 40, Memorandum in Support Of Defendants' Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion For Summary Judgment, p. vii (Table of Authorities, citing as "*passim*" *Tennessee v. EEOC*, -- F. Supp. 3d ---, 2024 WL 3012823 (E.D. Ark. June 14, 2024), appeal filed, No. 24-2249 (8th Cir. June 20, 2024)).

This newly issued opinion addresses Article III standing in a challenge to EEOC regulations implementing the Pregnant Workers Fairness Act (PWFA), 42 U.S.C. § 2000gg. The regulations at issue require employers to make reasonable accommodations for "termination of pregnancy, including via miscarriage, stillbirth, or abortion." Slip op. at 3. Seventeen states challenged the regulation, arguing that it "requires them to make reasonable accommodations for state employees seeking an abortion in all circumstances," contrary to their existing policies. *Id.* at 4.

The Eighth Circuit held that the states have standing because they "are the object of the EEOC's regulatory action" and "are employers covered by the Act and the Rule." *Id.* at 6. The court found that the states "are injured by the imposition of new regulatory obligations" where the Rule "compels them to provide accommodations to employees that the States otherwise would not provide, to change their employment practices and policies, and to refrain from pro-life messaging that arguably would be 'coercive' and thus proscribed by the Rule." *Id.*

Significantly, the Court rejected the EEOC's argument that any injury was speculative until an employee requests an accommodation, holding that "covered entities must comply with the Rule, and we presume that the States will follow the law as long as the Rule is in effect. An employer

cannot meet its obligations under the Rule without taking steps to ensure that its employees know their rights and obligations under the Rule." *Id.* at 6-7.

DATED: February 20, 2025.

          Respectfully submitted,

          */s/ Andrew Nussbaum*
          L. Martin Nussbaum
          Andrew Nussbaum
          First & Fourteenth PLLC
          2 N. Cascade Ave., Suite 1430
          Colorado Springs, CO 80903
          (719) 428-2386
          martin@first-fourteenth.com
          andrew@first-fourteenth.com

          and

          Michael Francisco*
          First & Fourteenth PLLC
          800 Connecticut Ave NW, Suite 300
          Washington, DC 20006
          (202) 754-0522
          michael@first-fourteenth.com
          *(application for admission forthcoming)

          *Attorneys for Plaintiffs*