Local AO 450 (rev. 1/23)

# United States District Court
### *District of North Dakota*

The Catholic Benefits Association, on behalf of it members and Bismarck Diocese,

    Plaintiffs,

v.

Andrea R. Lucas, Acting Chair of the United States Equal Opportunity Commission and United States Equal Employment Opportunity Commission,

    Defendants.

JUDGMENT IN A CIVIL CASE

Case No.  1:24-cv-142

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

☑ **Decision on Motion**. This action came before the Court on motion. The issues have been considered and a decision rendered.

☐ **Stipulation**. This action came before the court on motion of the parties. The issues have been resolved.

☐ **Dismissal**. This action was voluntarily dismissed by Plaintiff pursuant to Fed. R. Civ. P. 41(a)(1)(ii).

**IT IS ORDERED AND ADJUDGED:**

(SEE ATTACHED)

Date: April 16, 2025

KARI M. KNUDSON, CLERK OF COURT

by: */s/ Janelle Brunner, Deputy Clerk*

Pursuant to the Order dated April 15, 2025, the Court GRANTS CBA's Motion for Permanent Injunction (Doc. No. 45), GRANTS in part and DENIES in part CBA's Motion for Summary Judgment (Doc. No. 35), and DENIES EEOC's Motion for Summary Judgment (Doc. No. 39).

The Court DECLARES that the Final Rule and Enforcement Guideline that require CBA to accommodate an employee's participation in or advocacy of an abortion or infertility treatments violates their sincerely held religious beliefs without satisfying strict scrutiny under RFRA. Accordingly, the Court PERMANENTLY ENJOINS AND RESTRAINS as follows:

> (1) The EEOC and its agents are permanently enjoined from interpreting or enforcing the Pregnant Workers Fairness Act and any implementing regulations, including the Implementation of the Pregnant Workers Fairness Act, against the Diocese of Bismarck and the CBA, including present and future members, in a manner that would require them to accommodate abortion or infertility treatments that are contrary to the Catholic faith, speak in favor of the same or refrain from speaking against the same.
>
> (2) The EEOC and its agents are permanently enjoined from interpreting or enforcing Title VII of the Civil Rights Act of 1964, any implementing regulations or guidances, including the Enforcement Guidance on Harassment in the Workplace, against the Diocese of Bismarck and the CBA, including present and future members, in a manner that would require them to speak or communicate in favor of abortion, fertility treatments, or gender transition when such is contrary to the Catholic faith; refrain from speaking or communicating against the same when such is contrary to the Catholic faith, use pronouns inconsistent with a person's biological sex; or allow persons to use private spaces reserved for the opposite sex.
>
> (3) The EEOC and its agents are permanently enjoined from applying or enforcing these same regulations against anyone acting in concert with or participating with the CBA's present and future members.
>
> (4) The EEOC and its agents are specifically permanently enjoined from initiating any investigation into claims that a covered employer has violated PFWA or Title VII in the manner listed above and issuing any notice of right-to-sue under prohibited claims.
>
> (5) To come within this permanent injunction, CBA members must: be a member of CBA at the time of the alleged violation, not yet be protected from the laws at issue here, be approved by CBA for meeting membership criteria, the membership criteria has not substantively changed since filing this Complaint, and the member is not subject to an adverse ruling on the merits in another case involving the laws at issue here.

Nothing in this order shall prevent EEOC or its agents from accepting of a charge against a CBA member, serving notice of charges to employers protected by this injunction, or issuing a letter to employees saying the employer is covered under this injunction and investigation is precluded.

The Court retains jurisdiction of this matter as necessary for enforcing this Court's orders.